**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MOSKOWITZ FAMILY LLC,<br><br>Plaintiff,<br><br>v.<br><br>NUVASIVE, LLC, and<br>NUVASIVE, INC.,<br><br>Defendants. | CASE NO.: 25-cv-711-WCB<br><br>**JURY TRIAL DEMANDED** |

**JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Paragraph 10 of the Scheduling Order (D.I. 17), Plaintiff Moskowitz Family LLC ("Moskowitz") and Defendants NuVasive, LLC and NuVasive, Inc. (collectively, "NuVasive") submit this Joint Claim Construction Chart. The parties met and conferred on February 2, 2026. Section I identifies the claim terms for which construction is disputed. Section II identifies the claim terms on which the parties have reached agreement.

***Moskowitz Family LLC v. NuVasive, Inc., et al.*, C.A. No. 1:25-cv-00711-WCB**

**Joint Claim Construction Chart**

## I. Disputed Claim Construction Issues[1]

| No. | Claim Term (Patent: Claims) | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 1. | "screw locking mechanism"<br>('363: 1, 21, 26)<br><br>"screw lock"<br>('753: 1, 11)<br><br>"self-actuated locking mechanism"<br>('743: 8) | Plain and ordinary meaning | Subject to 112(f)<br><br>"screw locking mechanism" and "screw lock"<br><br>'363 and '753:<br>Function: "preventing the first/second screw member from pulling-out of the first/second internal screw guide"<br><br>Structure: a mechanism press-fit into the cage or the internal screw guide configured to be mechanically indented by the screw during locking. *See e.g.*, '363 Patent Fig. 1E-1F, and accompanying text at 7:32-43, 9:10-23, 9:43-52; '753 Patent Fig. 2E-2F and accompanying text at 9:11-22, 10:8-26, 11:64-12:7.<br><br>"self-actuated locking mechanism" |

[1] Each term in Section I was identified by Defendants as needing construction.

| No. | Claim Term<br>(Patent: Claims) | Plaintiff's<br>Proposed Construction | Defendants'<br>Proposed Construction |
|---|---|---|---|
| | | | '743:<br>Function: "self-actuated locking of the screw."<br><br>Structure: leaf spring press-fit into an indentation on the top portion of the cage. *E.g.*, Figs. 1A, 1F-1G and accompanying text at 7:60-64, 8:56-9:2, 9:51-54. |
| 2. | "reusable for a limited number of cycles"<br>('363: 26) | Plain and ordinary meaning | Indefinite |
| 3. | "screw fusion"<br>('293: 1, 43; '854: 1; '753: 1, 31; '743: 1) | Plain and ordinary meaning<br><br>Alternatively, if the Court determines construction is necessary: fusion facilitated by mechanical stabilization of bones using one or more screws | Indefinite |
| 4. | "universal"<br>('293: 1) | Plain and ordinary meaning<br><br>Alternatively, if the Court determines construction is necessary: stand-alone (i.e., having the dual functionality of an intervertebral spacer and a transvertebral bone fusion screw apparatus) | an intervertebral bone fusion spacer designed to be inserted between two adjacent vertebrae in any region of the spine, i.e., cervical, thoracic, or lumbar, using any approach, e.g., posterior, anterior, or lateral |

| No. | Claim Term<br>(Patent: Claims) | Plaintiff's<br>Proposed Construction | Defendants'<br>Proposed Construction |
|---|---|---|---|
| 5. | "shell"<br>('940: 22, 25, 29) | Defendants identified "shell" as a claim term for construction, and the parties exchanged proposed constructions pursuant to the Court's scheduling order. Plaintiff proposed the construction "an exterior structure of the artificial expansile disc," while Defendants proposed "the end of an implantable intervertebral device, which is capable of moving in at least two directions defined by at least two axes."<br><br>During preparation of the Joint Claim Construction Chart, Defendants indicated they wished to withdraw the term from the chart. Defendants have confirmed, however, that they do not agree with Plaintiff's proposed construction. Accordingly, the parties have a live dispute regarding the meaning of "shell," and Plaintiff seeks resolution of that dispute by the Court. | On January 23, NuVasive proposed "shell" as a claim term potentially needing to be construed by the Court. Plaintiff simultaneously proposed its list of claim terms needing construction and *did not* include "shell" as a term needing construction. On January 28, the parties simultaneously exchanged proposed constructions. In an effort to reduce the number of disputes for this Court to resolve, NuVasive is withdrawing "shell" as a claim term needing construction. |
| 6. | "turning mechanism"<br>('940: 22) | Plain and ordinary meaning | Subject to 112(f)<br><br>Function: "driving expansion between the first shell and the second shell"<br><br>Structure: "a plurality of fixed height screws." See Figs. 7A-7B. |
| 7. | "greater flexibility" | Plain and ordinary meaning | Indefinite |

| No. | Claim Term (Patent: Claims) | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | ('743: 3) | | |
| 8. | "interconnected"<br>('284:14)<br><br>"coupled"<br>('088: 4, 5, 14, 15) | Plain and ordinary meaning<br><br>Alternatively, if the Court determines construction is necessary: connected either directly or indirectly | directly connected |
| 9. | "bendable and reusable"<br>('753:33) | Plain and ordinary meaning | Indefinite |

## II. Unopposed Claim Construction Issues[2]

| No. | Claim Language | Unopposed Construction |
|---|---|---|
| 1. | "a first screw locking mechanism that prevents the first screw member and/or the second screw from pulling-out of the first internal screw guide and the second internal screw guide"<br>('363: 1) | The claim phrase contains an obvious error, and the correction is not subject to reasonable debate:<br>a first screw locking mechanism that prevents the first screw member and/or the second screw <u>member</u> from pulling-out of the first internal screw guide and the second internal screw guide |
| 2. | "a second screw lock positioned in the intervertebral spacer at a second location between at least a second portion of top wall of the intervertebral spacer and a second head of the second screw"<br>('753: 31) | The claim phrase contains an obvious error, and the correction is not subject to reasonable debate:<br>a second screw lock positioned in the intervertebral spacer at a second location between at least a second portion of <u>the</u> top wall of the intervertebral spacer and a second head of the second screw |

[2] Each term in Section II was identified by Plaintiff as needing construction.

Dated: February 6, 2026

OF COUNSEL:

AVANTECH LAW, LLP

William R. Woodford (*pro hac vice*)
Todd S. Werner (*pro hac vice*)
Jason M. Zucchi (*pro hac vice*)
Shelleaha L. Jonas (*pro hac vice*)
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Phone: (612) 895-2721
woodford@avantechlaw.com
werner@avantechlaw.com
zucchi@avantechlaw.com
jonas@avantechlaw.com

Julie Thomsen (*pro hac vice*)
521 5th Avenue, 17th Floor
New York, NY 10175-0038
Phone: (855) 750-9951
thomsen@avantechlaw.com

FARNAN LLP

*<u>/s/ Michael J. Farnan</u>*
Michael J. Farnan (No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Phone: (302) 777-0338
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Moskowitz Family LLC*

Mark Hatch-Miller (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001-8602
(212) 336-8330
mhatch-miller@susmangodfrey.com

John P. Lahad (*pro hac vice*)
Amy V. Hall (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
(713) 653-7859
jlahad@susmangodfrey.com
ahall@susmangodfrey.com

WEIR GREENBLATT PIERCE LLP

*<u>/s/ Jeffrey S. Cianciulli</u>*
Jeffrey S. Cianciulli (No. 4369)
824 Market Street Mall, Suite 800
Wilmington, DE 19801
(302) 652-8181
jcianciulli@wgpllp.com

*Attorneys for Defendants NuVasive, LLC and NuVasive, Inc.*